IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN W. JONES, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4459 |
| | : | |
| MICHAEL KAMINSKI, *et al.*, | : | |
|    *Defendants*. | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                              **OCTOBER 7, 2019**

     Martin W. Jones, a prisoner incarcerated at SCI Rockview, brings this civil action pursuant to 42 U.S.C. § 1983 against Michael Kaminski (Badge #50) and Tori Adams (Badge #61). Jones seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I

     Jones's Complaint alleges constitutional claims pursuant to 42 U.S.C. § 1983 against Kaminski and Adams in their official and individual capacities. Jones alleges that at the time of the incident giving rise to his Complaint, Kaminski and Adams were police officers with the Upper Southampton Police Department. (ECF No. 3 at 2, 12.)[1]

     Jones claims that on September 1, 2017, he and "co-defendant Jenny Jones, and others were stopped, their vehicle searched, and items seized" by Kaminski and Adams.

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

(*Id.* at 13.)  Specifically, Jones asserts that he was "detained and his vehicle searched without a valid arrest or search warrant and without probable cause to believe that he had committed an offense." (*Id.*)  Jones further states that on September 1, 2017, Jenny Jones handed a blue bag to Kaminski and Adams "which contained 5 ounces of methamphetamine, [and] stated to Defendant[]s the bag belonged, to her. And she gave Defendants permission to search the bag [and] there was methamphetamine in it." (*Id.*)  Finally, Jones asserts that he knew nothing about the methamphetamine and "[t]hey arrested her, let me go." (*Id.*)  Notably, Jones does not allege that any of his belongings were seized, nor does he allege that he was arrested or prosecuted for any of the events that took place on that day.

Jones seeks, *inter alia*, punitive damages in the amount of $750,000.00 and compensatory damages in the amount of $750,000.00 against each Defendant.  (*Id.* at 14.)  Jones further demands that Jenny Lynn Jones, with whom he has no apparent relationship, "be put on the stand, in front of the Jury." (*Id.* at 13, 14.)

II

The Court will grant Jones leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d

---

[2] However, as Jones is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Jones is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

A

Jones's claims against Kaminski and Adams in their official capacities fail because claims against officers named in their official capacities are indistinguishable from claims against the township. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

As Jones has not pled a basis for municipal liability, his official capacity claims fail. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564

3

F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff can show that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Nothing in Jones's Complaint plausibly suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference. Accordingly, Jones has not stated a plausible basis for a

claim against any municipal entity. The Court will dismiss Jones's claims against Kaminski and Adams in their official capacities.

B

In any event, Jones's claims are time-barred. The Court understands Jones to be bringing claims[3] pursuant to 42 U.S.C. § 1983 against Kaminski and Adams for an alleged unlawful stop and search of his vehicle on September 1, 2017. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Pennsylvania's two-year statute of limitations period applies to Jones's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). The limitations period governing claims related to searches and seizures generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam); *Woodson v. Payton*, 503

---

[3] To the extent that Jones is attempting to assert any claims of behalf of Jenny Jones, "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Jones may not represent Jenny Jones or bring any claims on her behalf.

5

F. App'x 110, 112 (3d Cir. 2012) (per curiam).  Pursuant to the prison mailbox rule, Jones's Complaint was considered filed on the date that he delivered it to prison authorities to be mailed to the Court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

Jones's Complaint states that the alleged improper stop, search, and seizure occurred on September 1, 2017.  Jones was or should have been aware of the facts giving rise to his claims as of that date.  *See Dique v. N.J. State Police*, 603 F.3d 181, 188 (3d Cir. 2010) (holding that fourth amendment claim accrued at the time of the seizure); *see also Woodson*, 503 F. App'x at 112 ("Here, Woodson's § 1983 claim accrued when the search and seizure occurred on October 8, 2009—in other words, the moment that Woodson indisputably knew about the alleged faults of search and seizure."). Jones did not sign his Complaint until September 19, 2019, and it was mailed on September 20, 2019, which indicates that Jones's Complaint was handed to prison authorities for mailing on September 19, 2019, at the earliest.  (ECF No. 3 at 11, 29.) Because the allegations in the Complaint clearly demonstrate that Jones was aware of the events giving rise to his claims more than two years before he filed this lawsuit (i.e. when the alleged illegal stop, search and seizure occurred on September 1, 2017), his claims are time-barred.

A district court should generally provide a *pro se* plaintiff with leave to amend unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Here, amendment would be futile because it is apparent from the face of the Complaint that Jones's claims are barred by the statute of limitations.  Accordingly, Jones will not be permitted to file an amended complaint.

6

IV

For the foregoing reasons, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his Complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Jones will not be given leave to amend because amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**